# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

CARLOS IVY,                                                                                        PETITIONER

v.                                                        No. 3:13CV233-MPM-SAA

STATE OF MISSISSIPPI, ET AL.                                                  RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Carlos Ivy for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition; the petitioner has filed a traverse, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

## Facts and Procedural Posture

Carlos Ivy is currently in the Free World; released from imprisonment for his September 16, 2010, conviction in the Circuit Court of Union County, Mississippi, for possession of cocaine and child endangerment. State Court Record (SCR, Vol. 1, pg. 9). Under his guilty plea, Ivy was sentenced to a term of sixteen years with one year suspended for the possession of cocaine charge – and ten years with ten years suspended for the child endangerment charge, with five years of post-release supervision following his release from incarceration. ***Id.***

On December 10, 2010, Ivy filed a "Motion for Post-Conviction Collateral Relief" in the Union County Circuit Court, which was docketed in Cause No. CV-2010-317. S.C.R., Vol. 1, pg. 4. In his petition, Ivy raised the following grounds for relief, as summarized by the court:

    1. The sentence exceeds the statutory maximum.

    2. Ineffective assistance of counsel for advising Ivy to accept the plea offer based on understanding that his sentence would be reduced under the "25% law."

3. The search warrant was improper because Ivy was not present when it was served.

*Id.* On May 11, 2011, the Union County Circuit Court denied Ivy's petition, holding in pertinent part:

> After reviewing the documents filed by the Petitioner, as well as the court file in this case, the Court finds it plainly appears from the face of the motion, exhibits, and prior proceedings that the Petitioner is not entitled to any relief. Therefore, the Court is of the opinion the requested relief is not well taken and hereby denied.

*Id.* at 39. On June 7, 2011, Ivy signed a "Request for Vacate of Conviction," which was also filed in the trial court. *Id*. at 39. On June 29, 2011, the Union County Circuit Court again denied Ivy's request for relief. *Id*. at 51.

Ivy appealed the trial court's denial of his post-conviction motion to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals. In his *pro se* appellate brief, Ivy raised the following grounds for relief, as summarized by the court:

1. Sentence exceeded the statutory maximum.

2. Sentence was illegal because Ivy was not eligible to receive a suspended sentence.

3. Plea was involuntary because Ivy was improperly advised regarding the "25% law."

4. Ineffective assistance of counsel for failure to adequately investigate the case.

5. Illegal search and seizure due to defective paperwork.

The Mississippi Court of Appeals affirmed the trial court's denial of Ivy's post-conviction motion. *Ivy v. State*, 103 So.3d 766 (Miss.Ct.App. 2012), *reh'g. denied* June 25, 2013.

Ivy filed a petition for writ of *certiorari* in the Mississippi Supreme Court, which he signed on July 9, 2013. However, on July 18, 2013, the state supreme court dismissed Ivy's petition as untimely filed under Miss. R. App. P. 17(b). Because the court of appeals had denied

Ivy's petition for rehearing on June 25, 2013, any petition for *certiorari* review would have been due on or before July 9, 2013 (June 25, 2013, plus 14 days).

On August 15, 2013, Ivy signed a "Request for Reconsideration" asking that the state supreme court reconsider the dismissal of his petition for certiorari review. Specifically, Ivy attached a copy of the prison mail log and argued that he had presented his certiorari petition to prison authorities for mailing within the time allowed as required by the "prison mailbox rule." Ivy's request for reconsideration was denied. The mail log attached by Ivy was authentic; Ivy's "Mail Transaction History" shows that he did, in fact, mail a "writ cert" to the Mississippi Supreme Court on July 9, 2013. As such, under the "prison mailbox rule," Ivy's petition for writ of *certiorari* was timely filed in the Mississippi Supreme Court.

As the state court found Ivy's request for certiorari review untimely and procedurally improper, Ivy has no avenue through which to present his claims to the state's highest court. Therefore, Ivy's petition is "technically exhausted" for the purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Gray v. Netherland*, 518 U.S. 152, 161-162, 116 S.Ct. 2074 (1996). A federal court may not consider such "technically exhausted" claims on the merits unless the petitioner can demonstrate cause for his procedural default and prejudice resulting from it. As noted above, in this case Ivy's request for certiorari review was actually timely filed under the "prison mailbox rule." Ivy thus satisfies the "cause and prejudice" requirement, and the court may consider his claims on the merits despite the state court's finding of procedural default. The court "should [then] 'look through' to the last clear state decision on the matter," and afford deference to the Mississippi Court of Appeals' review of these issues on

the merits. *Jackson v. Johnson*, 194 F.3d 641, 651 (5th Cir. 1999), *see also Wood v. Quarterman*, 491 F.3d 196, 202 (5th Cir. 2007).

On September 16, 2013, Ivy filed a petition for writ of *habeas corpus* in this court under 28 U.S.C.A. § 2254. ECF doc. 1. In it, Ivy raises the following grounds for relief (as summarized by the court):

**Ground One:** The sentence exceeds the statutory maximum.

**Ground Two:** The search and seizure was illegal because of deficient paperwork.

**Ground Three:** Ineffective assistance of counsel for:

    A. Failing to conduct adequate investigation,

    B. Incorrectly advising Ivy that he would be eligible for the "25% law," and

    C. Negotiating an illegal plea.

**Ground Four:** Involuntary plea.

### The Doctrine of Procedural Bar

Federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012). Thus, a federal court may not consider a *habeas corpus* claim when, "(1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, ⎯ U.S. ⎯⎯, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*. To determine the adequacy of the state

procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)).  The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*.

### Cause and Prejudice – and Fundamental Miscarriage of Justice –
### As Ways to Overcome Procedural Bar

A petitioner may overcome the procedural bar by showing cause for it – and actual prejudice from its application.  To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court.  *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993).  To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different.  *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003).  Even if a petitioner fails to establish cause for his failure and prejudice from application of the bar, he may still overcome the bar by showing that its application would result in a fundamental miscarriage of justice.  To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)).  Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that, "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

On direct appeal, the Mississippi Court of Appeals found that Ivy's allegations in Ground Two

were procedurally barred as they were raised for the first time on appeal. Though he alleged on appeal and in Ground Two of the instant petition that the search was illegal because of deficient paperwork (failure to state underlying facts and circumstances); he alleged at trial that the search was illegal because he was not permitted to be present when it was conducted. *Ivy*, 103 So.3d at 770.

Failure to present an issue to the trial court, such as Ivy's failure in this case, is an independent and adequate state procedural bar. *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir.1992), *see also Day v. King,* No: 1:03CV624-DMR-JMR, 2006 WL 2541600, at *4 (S.D.Miss. August 31, 2006) (listing Mississippi cases regarding failure to lodge a contemporaneous objection). Thus, Ivy is barred from presenting his state claims in federal court under an independent and adequate state procedural rule. *Id.* at 861.

In addition, Ivy has not shown that any external impediment prevented him from bringing these claims in state court; he has also failed to show that actual prejudice would result from applying the bar. Further, because there was no valid objection on this basis[1], the petitioner may not rely on ineffective assistance of counsel to establish cause for his failure to raise these issues in a timely fashion. In failing to establish these two elements, Ivy has not overcome the state procedural bar, and the court cannot review Ground Two of the instant petition.

Neither will this court's decision to forego considering the petitioner's claims result in a "fundamental miscarriage of justice," as Ivy has not shown, by clear and convincing evidence not available at trial, that "he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Carlos Ivy has not

---

[1] Ivy's allegation in Ground Two that the "search warrant that was produced does not state any underlying facts or circumstances" is demonstrably false. ECF doc. 1, pg. 6. A copy of the search warrant and accompanying affidavit may be found in SCR, Supp. Vol. 1, filed on March 21, 2012. The underlying facts and circumstances can be found on pages 5 and 6.

presented the court with any such evidence. As such, his claims in Ground Two of the instant petition will be dismissed as procedurally barred.

## Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds One, Three, and Four on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United

States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One, Three, and Four of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

In Ground One, Ivy complains that his sentence exceeds the statutory maximum. As noted above, Ivy is currently serving five years of post-release supervision after his release from incarceration for a term of sixteen years with one year suspended for the possession of cocaine charge and ten years with ten years suspended for the child endangerment charge. State Court Record, S.C.R., Vol. 1, pg. 9. Under Miss. Code Ann. §47-7-34, "the total number of years of

*incarceration* plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed." (emphasis added). Ivy asserts that, with the post-release supervision, his sentence of sixteen years with one year suspended for the possession of cocaine exceeds the statutory maximum of sixteen years. *See* Miss. Code Ann. §41-29-139(c)(1)(C).

Ivy's claim in this ground for relief challenges the application of a state statute – an issue of state law. A state's interpretation of its own laws or rules provides no basis for federal *habeas corpus* relief because no constitutional question arises from it. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981). A federal court has a more limited role than the state appellate court. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983). A federal district court does "not sit as a super state supreme court on a *habeas corpus* proceeding to review error under state law." *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981). Federal courts hold no supervisory power over state judicial proceedings, and federal *habeas corpus* relief is appropriate only when a conviction has been obtained in violation of some constitutionally protected right. *Smith v. Phillips,* 455 U.S. 209, 221 (1981). Put simply, a "mere error of state law" does not constitute the denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982). This ground for relief is not available for federal *habeas corpus* review.

In addition, the claim is meritless. The sentencing order did not require that the five years of post-release supervision apply to only the possession of cocaine charge. Instead, the sentencing order read:

> It is, therefore, ordered and adjudged by the Court that the Defendant is hereby
> sentenced to serve a term of sixteen (16) years on the possession of cocaine and ten
> (10) years on the child endangerment to run consecutive to each other in the custody
> of the Mississippi Department of Corrections at a facility to be designated by said

> department, that one (1) year on the possession of cocaine and ten (10) years on the child endangerment of said sentence shall be and the same is hereby suspended, and . . . the defendant shall be placed under Post-Release Supervision upon the release from the term of incarceration for a period of five (5) years pursuant to Mississippi Code Section 47-7-34 . . .

S.C.R., Vol. 1, pg. 9. The order stated that Ivy would serve five years of post-release supervision (twenty years), without assigning that post-release supervision to either of the specific charges.

The appellate court addressed this claim:

> The maximum sentence for Ivy's possession-of-cocaine charge was sixteen years. *See* Miss.Code Ann. § 41–29–139(c)(1)(C) (Rev.2009). The maximum sentence for Ivy's child-endangerment charge was ten years. *See* Miss.Code Ann. § 97–5–39(2)(b)(i) (Rev.2006). Ivy was sentenced to the maximum term on each count, for a total of twenty-six years. However, eleven years of his sentence were suspended, leaving fifteen years to serve. When the five years of post-release supervision are added to the fifteen years of incarceration, the resulting twenty years is less than the permissible statutory maximum sentence. *See Brown v. State*, 923 So.2d 258, 260 (¶ 5) (Miss.Ct.App.2006). Accordingly, we find no merit to this issue.

*Ivy*, 103 So.3d at 768. Ivy's total term of incarceration plus the term of post-release supervision clearly do not exceed the statutory maximum for all sentences (twenty-six years); as such, Ivy was properly sentenced under state law. Thus, the appellate court's decision that this claim was without merit was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence. Ivy's allegations in Ground One of the petition do not warrant federal *habeas corpus* relief.

### Grounds Three and Four: Ineffective Assistance of Counsel, Which Led to an Involuntary Plea

The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient

and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011); *Premo v. Moore*, 131 S.Ct. 733 (2011).

### Inadequate Investigation

Ivy first complains that his trial attorney did not conduct adequate investigation before advising him to plead guilty. Ivy argues that, if counsel had conducted more discovery, he would have found a deficiency in the search warrant. The Fifth Circuit has recognized:

> Certainly, an attorney cannot render reasonably effective assistance unless he has acquainted himself with the law and facts of the case. *See Roberts v. Dutton*, 5th Cir. 1966, 368 F.2d 465; *Willis v. Hunter*, 10th Cir. 1948, 166 F.2d 721. Our adversary system is designed to serve the ends of justice; it cannot do that unless accused's counsel presents an intelligent and knowledgeable defense. Such a defense requires investigation and preparation.

*Caraway v. Beto*, 421 F.2d 636 637-638 (5th Cir. 1970). The appellate court considered this issue and held:

> Second, Ivy argues that his counsel was ineffective because he failed to investigate the case. Ivy asserts his attorney should have noticed certain errors, such as that the sentence was illegal and the search warrant failed to show probable cause. We find no error with regard to Ivy's sentence or the search warrant (as discussed below); thus, we cannot find a basis for the assertion that Ivy's attorney was ineffective.

*Ivy*, 103 So.3d at 770. As discussed above, Mr. Ivy is simply mistaken about the contents of the search warrant, and the method of computing his sentence is a matter of state law which this court may not disturb.

## Eligibility for the 25% Rule

Ivy also complains that his attorney improperly advised him that he would qualify for the "25% rule" thus making him eligible for a reduced sentence. Again, the appellate court considered this issue, holding:

> First, Ivy asserts his attorney told him that his sentence fell under the "25% law"; however, Ivy learned later he was not eligible for this reduced sentence because of his child-endangerment conviction. The 25% law is found in Mississippi Code Annotated section 47–7–3 (Rev.2011). It states that a prisoner who is sentenced to one year or more but less than thirty years may be released on parole after serving at least one-fourth of the sentence. *See id.* However, section 47–7–3(1)(h) specifically excepts child endangerment from this parole provision.
>
> Ivy asserts his attorney persuaded him to plead guilty based on the possibility of parole, and that he would not have pleaded guilty but for his attorney's misrepresentation. In support of his argument, Ivy submits his own affidavit as well as the affidavits of two other people. All the affidavits state that Ivy's counsel told Ivy on the day of sentencing that he would be eligible for parole under the 25% law. The affidavits, which are attached to Ivy's appellate brief, are dated October and November 2011. Ivy's post-conviction motion was denied on May 11, 2011, and a second motion to vacate his conviction was denied on June 29, 2011. A party cannot make something part of the record by simply attaching it to his brief. *McCullough v. State*, 47 So.3d 1206, 1211 (¶ 18) (Miss.Ct.App.2010). This Court "will not consider matters which are outside the record and must confine ourselves to what actually does appear in the record." *Jones v. State*, 776 So.2d 643, 649 (¶ 17) (Miss.2000) (quoting *Medina v.*

> *State*, 688 So.2d 727, 732 (Miss.1996)). The affidavits are not in the record and cannot be considered on appeal. Ivy cannot bring this claim on his bare assertions. *See id*. This issue is without merit.
>
> We note that, regardless of Ivy's claims, Ivy stated during his sentencing hearing that he was not persuaded to plead guilty by the promise of a lighter sentence or any other kind of inducement. [S.C.R., Supp. Vol. 1, filed 3/21/12 (transcript), pg. 12]. "Great weight is given to statements made under oath and in open court during sentencing." *Gable v. State*, 748 So.2d 703, 706 (¶ 11) (Miss.1999). Further, "[a] plea is considered voluntary and intelligent when the defendant is advised concerning the nature of the charge against him and the consequences of the plea." *Ivy v. State*, 918 So.2d 84, 86 (¶ 10) (Miss.Ct.App.2006) (citing *Wilson v. State*, 577 So.2d 394, 396–97 (Miss.1991)). Ivy was informed by the trial court of the charges against him and the potential sentences those charges carried. Ivy's argument is without merit.

*Ivy*, 103 So3d at769-770.

In his petition for a writ of *habeas corpus*, Ivy argues that he did not learn that he would be required to serve more than 25% of his sentence until he was "delivered to M.D.O.C." ECF doc. 2, pg. 6. However, Ivy was sentenced and entered MDOC custody in September of 2010. As the court of appeals discussed, his state post-conviction motion was denied May 11, 2011. Ivy's state post-conviction motion, which raised this challenge, was dated in December of 2010. However, the affidavits Ivy attempted to use to support his claims were not dated until October and November of 2011, over a year after he entered Mississippi Department of Corrections custody. Thus, as the affidavits involved events prior to sentencing, Mr. Ivy could have timely submitted them to the trial court in his request for post-conviction collateral relief to make them part of the record. He did not. These affidavits were not properly before the appellate court, and this court may not consider them. *See Cullen v. Pinholster,* 131 S.Ct. 1388, 1398 (2011).

As the court may not consider the untimely affidavits, Ivy's claim regarding the 25% Rule rests solely on his allegations. "[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding. *Schlang v. Heard,* 691 F.2d 796, 798 (5th Cir.1982) (collecting

cases)." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Further, as the appellate court noted, Ivy stated under oath that his plea had not been induced by promises of a lesser sentence. Finally, even if counsel were mistaken about the availability of parole, the Fifth Circuit has held that:

> [t]he fact that a legal mistake resulted in an improper appraisal of parole consequences [during plea negotiations] is not the type of error that takes the representation outside the wide range of professionally competent assistance that *Strickland* would condemn.

*Johnson v. Cabana*, 818 F.2d 333, 342 (5th Cir. 1987).

Thus, counsel provided effective assistance regarding the plea negotiation, and this claim for relief is without merit. The appellate court's holding rejecting this claim was neither contrary to, nor did it involve an unreasonable application of *Strickland, supra*. In addition, the decision was not based on an unreasonable determination of the facts in light of the evidence. For these reasons, Ivy's allegation that trial counsel improperly advised him regarding his sentence does not warrant federal *habeas corpus* relief; nor does his allegation regarding the validity of his plea of guilty.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of September, 2016.

                                **/s/ MICHAEL P. MILLS**
                                **UNITED STATES DISTRICT JUDGE**
                                **NORTHERN DISTRICT OF MISSISSIPPI**